PRICE, Judge,
dissents.
I must respectfully dissent from the majority view. The Supreme Court in Caid-well interpreted La.R.S. 9:2(7) to mandate that utility companies which seek to expropriate servitudes for electric power lines must give reasonable consideration to the convenience of the landowner in the selection of the route to be taken. Plaintiff in this case has clearly done so.
In Caldwell the landowner requested that the utility company locate its transmission lines along a preexisting pipe-line servitude rather than creating a new servitude. The Supreme Court found that since the utility company had made no in-depth study of the feasibility of this alternative route and had made no estimation of its relative costs, it had therefore failed to show that the statutorily required consideration for the landowner’s convenience had been taken into account in choosing the route it sought to expropriate.
In the present case, defendants’ only request was that plaintiff locate this new transmission line along the preexisting servitude on the north side of Idema Street rather than placing a separate line along the south side of the street. Plaintiff showed that it did in fact study and consider this alternative among others but found it impractical for the following reasons:
(1) Although there is sufficient room on the existing right-of-way to accommodate two separate lines, this double circuiting would require replacement of the wooden poles and structures with steel ones at a cost of $100,000 more than the cost of erecting a new line on wooden poles on the south side of the street.
(2) The existing line, which serves another part of south Shreveport would have to be taken out of service during the replacement of the poles.
(3) Placing two separate transmission lines on single poles substantially increases the risk of power loss due to accident, i. e., damage to a single pole from an automobile accident or high winds would cut off power to two areas of the city rather than one.
It is apparent that plaintiff has afforded defendants’ request substantial analysis and consideration of the type the court found notably lacking in Caldwell. While it may be true that plaintiff has failed to show the route it seeks to expropriate is the least inconvenient to the landowners, it has shown that due to the impracticability of the alternative suggested by defendants, the additional interference with their enjoyment of the property is necessary under circumstances at hand. Therefore, I would reverse the judgment and remand to the trial court for further proceedings.